ACCEPTED
13-15-00217-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
10/6/2015 10:34:09 AM
Dorian E. Ramirez
CLERK

No. 13-15-00217-CV

## IN THE COURT OF APPEALS FOR THE
## THIRTEENTH DISTRICT OF TEXAS

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
10/6/2015 10:34:09 AM
DORIAN E. RAMIREZ
Clerk

**SHERI EDLEMAN,**

**Appellant/Defendant,**

v.

**MATTHEW J. OCKER,**

**Appellee/Plaintiff.**

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
10/6/2015 10:34:09 AM
DORIAN E. RAMIREZ
Clerk

Appealed from 319th District Court
Nueces County, Texas
Cause No. 2013-DCV-4182-G
Hon. David Stith

# FIRST AMENDED BRIEF OF APPELLEE
# MATTHEW J. OCKER

William J. Kelly
Texas State Bar No. 11240500
1402 N. Chaparral Street
Corpus Christi, Texas 78401
Tel: 361-888-6600
Fax: 361-887-7732

*Attorney for Matthew J. Ocker*

**ORAL ARGUMENT REQUESTED**

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to Tex R. App. P. 38.1(0)(1)(A) and 38.2(a)(1) following is list of all the parties to the Trial Court Judgment and the names and addresses of all the trial and appellate counsel:

Sheri Eddleman: Defendant and Appellant
Trial Counsel in 319th District Court
Lynn A. Knaupp
203 Liberty St.
Victoria TX 77901
Breach of Contract Suit from which this appeal originated

Appellate Counsel:
Robert E. McKnight, Jr. /Lynn A. Knaupp
Marek, Griffin and Knaupp
203 N. Liberty St.
Victoria, TX 77901

Matthew J. Ocker
Plaintiff and Appellant
Trial Counsel and Appellate Counsel:
William J. Kelly
1402 N. Chaparral
Corpus Christi, TX 78401

# TABLE OF CONTENTS

Page

IDENTITY OF PARTIES AND COUNSEL .......................................................................i

TABLE OF CONTENTS ............................................................................................ii

INDEX OF AUTHORITIES ......................................................................................iii

STATEMENT OF THE CASE ....................................................................................v

STATEMENT OF FACTS .......................................................................................... 1

SUMMARY OF THE ARGUMENT............................................................................6

ARGUMENT ......................................................................................................... 11

PRAYER FOR RELIEF ............................................................................................48

CERTIFICATE OF SERVICE ..................................................................................49

CERTIFICATE OF COMPLIANCE ..........................................................................49

APPENDIX ............................................................................................................50

# INDEX OF AUTHORITIES

**CASES**                                                                **Page**

*Curtis vs. Gibbs*, 511 S.W.2d 263, 267 (Tex 1974) ...................................................... 25

*Gulf Oil Corp. v. Guidry*, 160 Tex. 139, 327 S.W.2d 406,408 (1958) ..................... 28

*In Re Burton, McCumber & Cortez L.L.P.* 115 S.W.3d 235, 237 (Tex. App. – Corpus Christi 2003, orig. proceeding) ...................................................................... 35

*In Re Lee* 411 S.W.3d 445, 453 (Tex 2013) ................................................................. 42

*In Re Lopez* 372S.W.3d 174 (Tex 2012) ....................................................................... 35

*In Re Milner* 361S.W.3d 615, 622 (Tex 2012) ............................................................. 19

*In the Interest of H.N.O. and M.H.O,* No. 13-14-000125-CV, 2014 WL 3541803 (Tex. App.-Corpus Christi July 17, 2014, no pet)........................................................ 9, 18, ................................................................................................................................. 19, 20

*In the Matter of the Marriage of Ames,* 860 S.W.2d 590 (Tex Civ App – Amarillo 1993), no writ) ................................................................................................................ 20

*Kilroy vs. Kilroy* 137 S.W.3d 780 784, 789 (Tex App – Houston [1st Dist] 2004, no writ) ......................................................................................................................... 27, 33

*Pettus vs. Pettus*, 237 S.W.3d 405-419 (Tex. App.—Fort Worth 2007, writ denied). ................................................................................................................................. 17, 28

*Sweezy Constr. Inc. V Murray,* 915 S.W.2d 527, 531 (Tex. App-Corpus Christi 1995, Org. Proceeding) ................................................................................................ 25

*Texas Beef Cattle Co v Green*, 921 S.W.2d 203, 212 (Tex 1996) ............................... 45

*Wyatt v. Shaw Plumbing Co.* 760 S.W.2d 245, 247 (Tex 1988) .................................. 25

## STATUTES AND OTHER AUTHORITIES

*Blacks Law Dictionary 5th Edition* ............................................................. 32

*Texas Civil Practice and Remedies Code §171.096(c)* ................................. 34

*Texas Family Code §6.602* ............................................................................ 41

*Texas Family Code §153.0071* ...................................................................... 41

*Texas Rules of Civil Procedure 94* ................................................................ 49

**TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:**

**COMES NOW MATTHEW J. OCKER,** Appellee, and respectfully submits this brief. In support thereof, Appellee shows the following:

## STATEMENT OF THE CASE

The underlying cause of action is a Suit for Breach of Contract brought by Appellee based upon Appellant's failure to comply with the terms and conditions of a Mediated Settlement Agreement reached in their family law litigation in a different Court (CR 5-8). Appellant filed a General Denial and two pre-trial motions, a Motion to Abate and a Motion to Transfer Venue in response it Appellant's Breach of Contract lawsuit (CR 102-107). Appellee thereafter filed an Application to Compel Arbitration and Motion to Abate/Stay Litigation Pending Arbitration (CR 192-198), which motion came on to be heard, along with Appellant's two pre-trial motions, on January 2, 2014. Pursuant to that hearing the Honorable Judge David Stith, 319th Judicial District Court, held in abeyance his ruling on Appellant's two pre-trial motions and granted Appellee's Application to Compel Arbitration and Motion to Abate/Stay Litigation Pending Arbitration (CR 238-239). Mediation was held on March 17, 2014, but an impasse was declared. The parties subsequently went to arbitration and on May 5, 2014, the Arbitrator made a ruling. Appellee then filed a Motion to Vacate Arbitration Award in the 319th Judicial District Court (CR 240-245); Appellee filed An Opposition to

Plaintiff's Motion to Vacate Arbitration Award and Cross-Motion to Confirm Arbitration Award (CR 290-301). On February 24, 2015, a hearing was held in the 319th Judicial District Court and the Court granted Appellee's Motion to Vacate Arbitration Award and denied Appellant's Motion to Confirm Arbitration Award (CR 423-425). It is from this order that EDDLEMAN appeals (CR 426-427).

Given Appellant's reference in her "Issues Presented" to proceedings in the 13th Court of Appeals and the 24th District Court, Appellee respectfully notes to the Honorable Appellate Court that parallel to the litigation going on in the 319th Judicial District Court, Appellee had filed a motion in the 24th Judicial District Court in Victoria County, the Family Law Court, seeking to enforce the Mediated Settlement Agreement (CR 98-101). This order was granted in part, and the parties were ordered back to mediation and arbitration but the Court did not award the Appellee his attorney's fees and costs (Addendum C). Ultimately, the Judge in the 24th Judicial District Court did not award OCKER his attorney's fees, costs, and did not assign those issues to the Mediator/Arbitrator for resolution (CR 204-233). OCKER appealed this ruling to the 13th Court of Appeals (CR 346-347). That appeal was ultimately dismissed (CR 364-365), because the parties had contractually agreed to submit those issues to the Arbitrator for resolution (CR 246-247).

vi

## STATEMENT REGARDING ORAL ARGUMENT

Appellee has respectfully noted his request for oral argument. Appellee believes that oral argument would assist the Honorable Appellate Court by allowing counsel to accurately dissect and explain to the Honorable Appellate Court the related proceedings underlying:

1. the present appeal of the Order arising out of the 319th Judicial District Court, Nueces County, Texas;

2. the proceedings before the 24th Judicial District Court, Victoria County, Texas, which Appellant notes in its "Issues Presented;" and

3. the Arbitration proceedings associated with both District Court matters. Appellee agrees that the Honorable Appellate Court will benefit from oral argument because of the controverted proceedings that led up to the arbitration and order appealed in this Appellate cause; however, Appellee respectfully disagrees with the arguments and assertion of facts contained in Appellant's "Statement in Support of Oral Argument."

## STATEMENT OF FACTS

EDDLEMAN and OCKER were divorced in 2009 (CR 27-68) with EDDLEMAN given the exclusive right to designate the primary residence of the children without regard to geographic location (CR 31). OCKER had the responsibility of picking up the children either at school, or at EDDLEMAN's residence at the beginning of his periods of possession and returning them to school or EDDLEMAN's residence at the end of his periods of possession. If however, EDDLEMAN moved the children out of Victoria County, then she would be solely responsible for paying to transport the children to and from OCKER's residence one weekend per month at her sole expense (CR 39). In 2012, EDDLEMAN gave notice that she was going to move the children out of Victoria County and thereafter, OCKER filed suit in the 24th Judicial District Count to modify the previously ordered parenting plan (CR 69-85). As part of his prayer for relief, OCKER requested that if EDDLEMAN was allowed to move the children out of Victoria County, that the Court modify the terms and conditions of pick up and delivery of the children, and OCKER asked to reallocate the cost of travel for the parties for his visitation with the children (CR 82).

On March 29, 2013, the litigants reached a Mediated Settlement Agreement ["MSA" herein] (CR 9-13). The MSA provided that the parties would exchange the children at the Shell station on HWY 77, south of Cameron… (CR 10). The

1

MSA also included a Mediation/Arbitration Clause that required the parties to mediate and if necessary arbitrate "disputes arising with regards to the interpretation and/ performance of this agreement or any of it's provisions (pre-decree), including drafting disputes, pre-decree enforcement matters, issues related to omitted property, or the necessity and form of closing documents, ..." (CR 13 @ ¶10).

The parties were unable to resolve numerous drafting disputes in regard to the Order stemming from the MSA. On June 7, 2013, EDDLEMAN filed a Motion to Enter Judgment characterizing the remaining drafting disputes as, "additional issues and modifications that OCKER wants to have included in the final order..." (CR 91-97).

In response to EDDLEMAN's said Motion to Enter Judgment, OCKER filed a Motion to Enforce Mediated Settlement Agreement, seeking to enforce the mediation/arbitration clause in ¶10 of the MSA, and to recover his attorney's fees, court costs, and expenses including the cost of Mediation/Arbitration, also in conformity with ¶10 of the MSA (CR 98-100). These motions came on to be heard on June 25, 2013, at which time Judge Alcala, 24th Judicial District Court, found that the parties had entered into the agreement freely and that pursuant to this agreement they were to resolve disputes by going to mediation and if necessary arbitration (Appendix A; see Appendix C). Judge Alcala then contradicts himself

2

and questions whether there is or not an agreement (Appendix A). Subsequently, Judge Alcala forwarded an email instructing undersigned counsel to "prepare an order reflecting the Court's action today" (Appendix B)[1]; including an abatement pending mediation or arbitration[2]. An order was prepared and approved as to form memorializing the Court's actions of June 25, 2013 (Appendix C)[3]. Pursuant to the Judge's ruling as outlined in his email and as set out in his order, signed July 10, 2013, the parties were directed back to Mediation/Arbitration consistent with the MSA (Appendix C). Notably missing from Judge Alcala's e-mail and the executed Order is any ruling vacating the exchange provisions of the MSA or reinstating any previous Orders on that issue (Appendix B). EDDLEMAN continued to refuse to mediate the remaining disputed issues.

After the June 25, 2013, hearing EDDLEMAN no longer complied with her contractual obligation under the MSA to exchange the children at the Shell Station south of Cameron, TX (CR 249 ¶9). On August 26, 2013, OCKER filed his lawsuit for Breach of Contract in the 319th District Court, Nueces County (CR 5-

---

[1] This email is included as Exhibit B to the trial brief entitled, <u>Was there a Breach of Contract</u> and is part of the requested supplemental record, and one of the documents considered by Judge Stith of the 319th and therefore necessary for this Court during its deliberations on this matter.

[2] This order is consistent with paragraph 10 of the MSA and which is the only authority under which the judge could order Arbitration.

[3] The order granting Motion to Enforce Mediated Settlement Agreement is attached as Exhibit C to the trial brief entitled, <u>Was there a Breach of Contract</u> and is part of the requested supplemented record and is one of the documents considered by Judge Stith of the 319th when making his ruling, and therefore necessary for this Court's deliberations in this matter.

3

13). OCKER alleged that EDDLEMAN was violating her contractual obligations in the MSA, and OCKER further alleged that by failing to comply with her contractual requirement to exchange the children at the Shell station south of Cameron, TX, and refusing to mediate and if necessary arbitrate, EDDLEMAN was breaching her contractual obligations in the MSA. EDDLEMAN responded by filing a Motion to Abate, a Motion to Transfer Venue, and General Denial (CR 102-107).

On October 23, 2013, Judge Alcala, sitting in the 24th District Court in Victoria, Texas, held a lengthy hearing wherein he resolved all the drafting disputes between the parties stemming from the MSA, as a result of this hearing, an Order in Suit to Modify Parent-Child Relationship was signed on November 12, 2013 (CR 204-233). It was in this order that Judge Alcala finally denied OCKER's attorney's fees, pursuant to his Motion to Enforce Mediated Settlement Agreement (CR 232), and from which OCKER filed his Notice of Appeal in Appellate Cause Number 13-14-00125-CV (CR 346-347).

On December 3, 2013, OCKER filed an Application to Compel Arbitration and Motion to Abate/Stay Litigation Pending Arbitration in the Breach of Contract suit in the 319th Judicial District Court (CR 192-198). Finally on March 10, 2014, OCKER's Application to Compel Arbitration and Motion to Abate/Stay Litigation

4

Pending Arbitration was granted and EDDLEMAN was once again ordered to participate in mediation and if necessary arbitration (CR 238-239).

On March 17, 2014, EDDLEMAN finally participated in mediation pursuant to ¶10 of the MSA, but it ended in an impasse.

On March 28, 2014, the parties entered into a written agreement to arbitrate the outstanding issues pending before the Honorable 13th Court of Appeals and the 319th Judicial District Court (CR 246-247). The Arbitrator entered a ruling on May 5, 2014 (CR 248-252).

On July 17, 2014, this Honorable Court issued a memoranda opinion in Appellate Cause Number 13-14-00125-CV granting EDDLEMAN unopposed Motion to Dismiss Appeal (CR 364-365). EDDLEMAN's argued to this Court in her Motion to Dismiss that OCKER "is not without remedy if he believes that the Arbitrator erroneously affirms the 24[th] Judicial District Court's denial of his Motion for Fees and Cost. His remedies are precisely what he intends to pursue: asking the Arbitrator to modify the ruling, and/or asking the District Court to Vacate the Arbitrator's ruling. And if he remains dissatisfied with a District Court's response to the Arbitrator's ruling, he can appeal to this Court." (CR 365)

On August 15, 2014, the Arbitrator issued his First Amended Arbitration Award (CR 259-263). On September 9, 2014, the Arbitrator supplemented his first amended arbitration award by adding an addendum (CR 278-281).

5

After the Arbitration Award, OCKER filed his Motion to Vacate the Arbitration Award on August 1, 2014, in the 319th Judicial District Court (CR 240-245). After the Arbitrator's First Amended Arbitration Award and the Addendum, OCKER reasserted his Motion to Vacate Arbitration Award on November 13, 2014 (CR 288-289).

On February 24, 2015, Judge Stith sitting in the 319th Judicial District Court in Nueces County, granted an order vacating the arbitration award, directed the parties back to the Arbitrator to enter a ruling in conformity with the Arbitrator's authority pursuant to the March 28, 2014 Arbitration Agreement, and denied EDDLEMAN's Motion to Confirm the Arbitration Award (CR 423-425). It is from this order that EDDLEMAN filed her Notice of Appeal in this matter now before this Appellate Court (CR 426-27).

## SUMMARY OF THE ARGUMENT

The Appellant has chosen to appeal Judge Stith's ruling denying her Motion to Confirm Arbitration Award, leaving in tact Judge Stith's ruling vacating the arbitration award and directing the parties back to arbitration in conformity with the Arbitrator's contractual authority. If Appellant's appeal is successful, it will create the unfortunate circumstance where there will be two separate outcomes from the same arbitration, the first being confirmation of an Arbitration Award that

was made outside of the arbitrator's contractual authority and then a second award made consistent with the arbitrator's contractual authority.

The arbitrator's ruling was challenged in the 319th Judicial District Court because the arbitrator ruled on issues that he had no contractual authority to consider and failed to rule on other issues which he was contractually obligated to consider.

The arbitrator was obligated to resolve all currently pending issues in the 319th Judicial District Court in Nueces County, Texas, as well as the issues currently pending in the 13th Court of Appeals (CR 246 ¶2).

## ISSUES PENDING IN THE 13TH COURT OF APPEALS [13-14-00125-CV]

OCKER appealed Judge Alcala's decision in the 24th Judicial District Court to not award him his attorney's fees and costs incurred in his Motion to Enforce Mediated Settlement Agreement or to refer those issues of Appellate Cause Number 13-14-00125-CV to mediation and arbitration. EDDLEMAN argued for dismissal of Appellate Cause Number 13-14-00125-CV, referencing the parties' letter agreement of March 28, 2014, noting that the matter was subject to the arbitration proceeding (CR 365, n.1). OCKER did not oppose this motion; he agreed that the parties had entered into an agreement to have these issues considered by the arbitrator. Furthermore since the parties had contractually agreed

to have the arbitrator consider issues pending before the 13th Court of Appeals, it was no longer necessary for the Court of Appeals to compel Judge Alcala to direct the parties to mediate and arbitrate those issues. It seems that this Honorable Court of Appeals expected that the arbitrator would have complied with its order there by considering the costs and expenses incurred with OCKER's Motion to Enforce Mediated Settlement Agreement brought in the 24th District Court. Contrary to the parties' expectations, the Arbitrator chose not to address the costs and expenses in OCKER's aforementioned Motion and simply found that the issues pending before the 13th Court of Appeals were moot in sum, the arbitrator did not resolve an issue that he was contractually obligated to address.

## ISSUES PENDING IN THE 319TH JUDICIAL DISTRICT COURT

The arbitrator considered and granted Appellant's Pre-Trial Motions to Abate Proceedings and in the Alternative Transfer Venue to Victoria County, TX. Both motions sought to keep the 319th Judicial District Court from resolving the Breach of Contract issues and sought to have either the 24th Judicial District Court or some other Court in Victoria County decide those issues. Notwithstanding the fact that Judge Stith of the 319th Judicial District Court choose not to rule on these pre-trial motions when he abated proceedings and ordered the parties to mediation and arbitration, these issues became moot because the parties were now not going to have their disputes resolved in the 319th Judicial District Court or in the 24th

8

Judicial District Court or any other District Court in Victoria County, rather, the issues in disputes were going to be resolved in either mediation or arbitration per their agreement (CR 246-247). If there was any question as to whether or not the pre-trial motions had become moot, that question was closed when the parties by agreement decided to have their issues resolved in arbitration rather than in Court. The arbitrator clearly exceeded his authority by failing to rule on issues that were deferred to him by in the 13th Court of Appeals via Cause Number 13-14-000125-CV and by ruling on issues that were not pending before the 319th Judicial District Court.

Appellee alleged two (2) violations of the MSA Contract. The first of those violations was EDDLEMAN's refusal to mediate and if necessary arbitrate pre-decree disputes. OCKER successfully obtained an order from Judge Alcala of the 24th Judicial District Court compelling EDDLEMAN to mediate and arbitrate (Appendix C), which order was ignored by her. OCKER was also successful in the 319th Judicial District Court obtaining an order compelling EDDLEMAN to mediate and, if necessary, arbitrate (CR 238-239). EDDLEMAN did comply with this order. The alleged breach of the contract case was pending before the 319th Judicial District Court at the time the parties agreed to arbitrate and yet the

9

arbitrator, in violation of his contractual obligations, did not rule on same (CR 259-263)[4].

The arbitrator ruled that "The Breach of Contract matter currently pending in Cause No. 2013-DCV-4182-G in the 319th District Court of Nueces County should be dismissed" (CR 263 ¶L) this acknowledged the breach matter that was pending.

Appellee also alleged that Appellant violated the MSA by not exchanging the children at the Shell Station on HWY 77, south of Cameron, TX, as contemplated by the MSA. Appellant does not disagree that she violated this provision of the contract, but claims that she was released from that obligation by an alleged order out of the 24th Judicial District Court, which she claims vacated the Mediated Settlement Agreement and restored previous Temporary Orders. This is clearly contrary to the order of the Court order (Appendix B and C). Furthermore EDDLEMAN is relying on an affirmative defense, "avoidance" of the MSA agreement which must be plead per TRCP 94. She never plead for avoidance (CR 102-107) and therefore it was not pending before the 319th Judicial District Court and not an issue for which the arbitrator had contractual authority to consider.

---

[4] The arbitration ruled that "The Breach of Contract matter currently pending in Cause No. 2013-DCV-4182-G in the 319th District Court of Nueces County should be dismissed" (CR 263 ¶L) thus acknowledging the breach of contract issues were pending.

10

In each instance above, the Arbitrator has exceeded his authority and disregarded the agreement of the parties (CR 246-247) by both failing to rule on issues that were pending before him, and by ruling on issues that were not properly pending before him. Appellant has focused her brief on the principle that the Arbitrator's actions are excused because even if the arbitrator was wrong, mistakes of fact or law are not sufficient grounds for not confirming an award, however this case is about an arbitrator exceeding his authority by either deciding matters that were not properly submitted for arbitration or overreaching in his authority.

## ARGUMENT

On March 29, 2013, the parties successfully mediated their family law modification issues pending in the 24th Judicial District Court in Victoria County (CR 9-13). Pursuant to that agreement, the parties agreed that, "if one or more disputes arise with regards to the interpretation and/or performance of this agreement, or any of it's provision (pre-decree), including drafting disputes, pre-decree enforcement matters, issues related to omitted property, or the necessity and form of closing documents, the parties agree to attempt to resolve the dispute by mediation with Michael P. O'Reilly, the Mediator who facilitated this settlement. If mediation fails, the parties agree to enter into binding arbitration with Michael P. O'Reilly as the Arbitrator..." (CR 13)

11

It is undisputed that disputes did arise, including but not limited to drafting disputes. The Arbitrator so concluded in his Fist Amended Arbitration Award (CR 260 ¶6). Despite these disputes, and in violation of her express obligation under the MSA, EDDLEMAN filed a Motion to Enter Judgment pursuant to the MSA. In an effort to evade her obligation, pursuant to the MSA, she mischaracterized disputes as additional issues (CR 91-92).

In conformity with the parties' contractual obligations under the MSA, OCKER filed a Motion to Enforce Mediated Settlement Agreement, seeking to compel EDDLEMAN to resolve the disputes by mediation with Michael P. O'Reilly, and if that failed then by Arbitration with Michael P. O'Reilly. Pursuant to ¶10 of the Mediated Settlement Agreement, he also requested to recover his attorney's fees, court costs, and expenses including the cost of Mediation/Arbitration (CR 13), as part of the relief he sought in his Motion to Enforce Mediated Settlement Agreement (CR 100).

Judge Alcala sitting in the 24th Judicial District Court considered these competing motions on June 25, 2013. The transcript of complete ruling at said hearing is attached hereto as Addendum A. On page 28, lines 11-20, the Court finds that the parties entered into the agreement freely, and they are bound by same

12

and should have their disputes resolved by mediation and if necessary arbitration with the Mediator. [5]

Despite granting OCKER's Motion to Enforce and compelling the parties to resolve their disputes by mediation and arbitration, thus making OCKER the prevailing party in a motion brought to enforce the Mediated Settlement Agreement, Judge Alcala declined to award him his attorney's fees, court costs, and expenses including the cost of Mediation/Arbitration or to refer those issues to the Arbitrator in violation of ¶10 of the Mediated Settlement Agreement (CR 13 ¶10).

It was during this hearing that Judge Alcala engaged in a conversation with the attorneys, from which conversation the Appellant argues that Judge Alcala entered an order setting aside the MSA and restored the previous Temporary Order, which issue will be discussed at greater length in the Breach of Contract section of this brief.

Subsequently, perhaps after realizing how much the MSA with it's Arbitration Clause limited his jurisdiction, Judge Alcala sent out an email at 6:48 p.m. asking that Appellee's counsel, "prepare an order reflecting the Court's actions today" (Addendum B). Judge Alcala abated his ruling on the pending

---

[5] Appellant has asked this Court to take judicial notice of a short excerpt from this transcript, which leaves an incomplete and misleading impression as to the Judge's ruling; Appendix A has been included as an Addendum to this Appeal to give this Court a more complete and accurate description of the hearing events and this Court is asked to take judicial notice of such appendix.

13

motions, that being EDDLEMAN's Motion to Enter Judgment Pursuant to the Mediated Settlement Agreement, and OCKER's Motion to Enforce Mediated Settlement Agreement; however, he does order the relief OCKER sought in his Motion to Enforce Mediated Settlement Agreement by ordering the parties back to mediation and arbitration. By obtaining the Order directing the parties back to mediation and arbitration, OCKER was the prevailing party and was entitled to his attorney's fees, court costs, and expenses including the cost of Mediation/Arbitration pursuant to the mandatory language of ¶10 of the MSA, but that issue appears to now be abated. An order granting OCKER's Motion to Enforce Mediated Settlement Agreement was prepared and circulated to Appellant's trial counsel, Lynn Knaupp, and approved as to form (Appendix C).

In Judge Alcala's Order from the June 25, 2013 hearing, such Order signed on July 10, 2013, Judge Alcala specifically found under ¶10 of the MSA the prevailing party shall be entitled to recover his attorney's fees, court costs, and expenses but he abated his ruling.

On November 12, 2013, Judge Alcala ruled and denied the motions that he had held in abeyance presumably being EDDLEMAN's Motion to Enter Judgment Pursuant to the Mediated Settlement Agreement and that portion of OCKER's Motion to Enforce Mediated Settlement Agreement for which he had not ruled, (his request for attorney's fees, court costs, and expenses including the cost of

14

Mediation/Arbitration). Judge Alcala goes further and specifically denies OCKER's request for attorney's fees pursuant to his Motion to Enforce Mediated Settlement Agreement (CR 232). It is from this order that OCKER appealed to this Court Cause Number 13-14-00125-CV (CR 346-347).

Subsequently on March 28, 2014, the parties agreed to arbitrate with Michael P. O'Reilly the issues pending in the 13th Court of Appeals; at the same time they were arbitrating the issues in dispute in the 319th Judicial District Court (CR 246-247).

On May 5, 2014, OCKER received Arbitration ruling which, without explanation, did not award him his fees and costs associated with prevailing on his Motion to Enforce Mediated Settlement Agreement (CR 248-252).

On May 15, 2014, OCKER filed his Motion to Abate Proceedings in the 13th Court of Appeals while he pursued a Motion for the Arbitrator to Modify and correct his Award and a Motion to Vacate Arbitrator's Ruling to be submitted to the 319th Judicial District Court (CR 362-363).

Subsequently, EDDLEMAN requests that this appeal be dismissed because OCKER had contractually agreed to arbitrator all pending issues before the 13th Court of Appeals and waived his right to recourse in the 13th Court of Appeals. OCKER did not oppose this motion in part because EDDLEMAN had, by her Motion to Dismiss, judicially admitted that the Arbitrator was contractually

15

obligated to consider OCKER's fees and costs. The Appellate Court granted the Motion to Dismiss by Memoranda Opinion (CR 364-365). This Appellate Court granted the EDDLEMAN's Motion to Dismiss, it probably contemplated that the issues in controversy in the 13th Court of Appeals were going to be addressed by the Arbitrator. It was not until September 9, 2014, when the Arbitrator released his Addendum to the First Amended Arbitration Award (CR 278-281), that OCKER discovered that the Arbitrator considered the issues in the 13th Court of Appeals as moot, and therefore found that there were no pending issues for him to resolve (CR 279 ¶2).

EDDLEMAN, by filing her Motion to Dismiss Appeal, stipulated and represented to this Appellate Court that the matters in controversy pending in this appeal were included among the issues the parties agreed to arbitrate, and therefore necessarily agreed that, this Appellate Court lost jurisdiction to decide those issues contained in Cause Number 13-14-00125-CV. This Appellate Court, by granting the Motion to Dismiss, found that issues pending before it (OCKER's attorney's fees, court costs, and expenses including the cost of Mediation/Arbitration associated with his successful Motion to Enforce Mediated Settlement Agreement from June 25, 2013) were among the issues to be resolved by the Arbitrator pursuant to the March 28, 2014 agreement (CR 364-365).

16

The Arbitrator exceeds his authority when he disregards the contract, and dispenses his own idea of justice *Pettus vs. Pettus*, 237 S.W.3d 405-419 (Tex. App.—Fort Worth 2007, no writ). The Arbitrator, by disregarding his contractual obligation to resolve the issue of OCKER's fees and costs including but not limited to the costs of Mediation/Arbitration, did not only deny OCKER the contractual damages to which he was entitled, but also denied OCKER his right for appellate review of this issue. The Arbitrator compounds his mistake by not only failing to award OCKER his costs incurred by bringing the motion and his costs for the subsequent mediation and arbitration, but also attempts to obligate OCKER to pay a portion of EDDLEMAN's mediation and arbitration fees by directing that OCKER pay 70% of the total costs of mediation and arbitration and EDDLEMAN pay the remaining 30% of the costs (CR 262 ¶k).

Since the authority to award a portion of the costs of fees for mediation/ arbitration stems specifically from ¶10 of the Mediated Settlement Agreement and ¶10 conditions this award on prevailing in litigation brought to construe or enforce the mediated settlement agreement, and since the record does not include any instance in which EDDLEMAN has prevailed in litigation brought to construe or enforce the mediated settlement agreement, the Arbitrator also exceeded his authority as specifically delineated in the letter agreement to arbitrate of March 28,

17

2014 (CR 246-247) by ordering OCKER to pay any portion of the cost of mediation and/or arbitration.

EDDLEMAN contends that OCKER can not be the prevailing party on the issues pending in the 319th Judicial District Court until the Arbitrator awards him his fees and costs. This argument is obviously premature since we know that the Arbitrator did not even consider pending issues from the 13th Court of Appeals, Appellate Cause Number 13-14-000125-CV, and it demonstrates a fundamental misunderstanding of the Appellate Court's role. The record is clear that OCKER brought a Motion to Enforce Mediated Settlement Agreement (CR 98-101). The record also reflects that OCKER was successful in obtaining an Order enforcing the mediation/arbitration provisions of the Mediated Settlement Agreement per Judge Alcala's Order of July 10, 2013, stemming from the June 25, 2013 hearing in the 24th Judicial District Court (Addendum B). The Appellant further does not contest the mandatory nature of the awarding of attorney's fees, court costs, expenses including the cost of mediation and/or arbitration in ¶10 of the Mediated Settlement Agreement, "if litigation is brought to construe or enforce the agreement, the prevailing party shall be entitled to recover attorney's fees, as well as court costs, and expenses, including the cost of mediation/ arbitration." (CR 13). Judge Alcala's decision to deny OCKER his attorney's fees, court costs, and expenses including the cost of mediation/ arbitration is reversible not because he

18

did not award OCKER his damages, but rather is reversible because he did not comply with the Arbitration agreement to refer this matter to the Arbitrator for resolution (CR 13 ¶10).

When OCKER filed his Notice of Appeal, challenging Judge Alcala's November 12, 2013 Order denying him his attorney's fees, court costs, expenses including cost of mediation/arbitration, he was aware of the parties' contractual obligations to submit these issues to the Arbitrator and the current state of Texas Law as determined by the Texas Supreme Court in the Milner case which denies both the trial court and the appellate court jurisdiction to modify and interpret a Mediated Settlement Agreement when it includes an arbitration clause. *Milner v. Milner*, 361 S.W.3d 615 (Tex. 2012).

OCKER brought his appeal in Appellate Cause Number 13-14-000125-CV not with the expectation that this Appellate Court would award him some amount of attorney's fees, court costs, and expenses, but rather that this Appellate Court would direct Judge Alcala to set aside his order denying OCKER's attorney's fees, court costs, and expenses order EDDLEMAN to comply with her contractual obligations to mediate and/or arbitrate this dispute as she had contractually obligated herself to do on March 29, 2013, when she signed the MSA (CR 13). When EDDLEMAN, acting through her attorney, contracted to arbitrate the issues pending in the 13th Court of Appeals, the relief OCKER sought in this Appellate

19

Court had been in part achieved, EDDLEMAN was now going to arbitrate OCKER's mandatory award of attorney's fees, resulting from OCKER's successful prosecution of his Motion to Enforce the Mediated Settlement Agreement in the 24th Judicial District Court (CR 98-101). This is precisely why the proceedings in this Appellate Court, Cause Number 13-14-000125-CV, had become moot. All that remained was for the Arbitrator to determine OCKER's attorney's fees, court costs, and expenses including the cost of mediation/arbitration, which the Arbitrator concedes he did not do (CR 279 ¶2). Presumably if the appeal had not been dismissed and this Appellate Court had directed Judge Alcala to refer the issues of OCKER's fees to an Arbitrator, the Court would also expect the Arbitrator to rule on those fees. In this case, the Arbitrator refused to do so (CR 279 ¶2).

## PENDING ISSUES IN THE 319TH JUDICIAL DISTRICT COURT

On March 29, 2013, the parties resolved all issues pending in the family law litigation, that being the case pending in the 24th Judicial District Court in Victoria County, by Mediated Settlement Agreement (CR 9-13). Mediated Settlement Agreements are legal contracts. Texas Civil Practice and Remedies Code §154.071(a); In the Matter of Marriage of Ames, 860 S.W.2d 590 (Tex Civ App-Amarillo, 1993, no writ).

20

Among the things the parties contractually obligated themselves to do were the following:

"a. To exchange their children at the Shell station on HWY 77, south of Cameron, TX (CR 10);

b. The parties agreed that the non financial parts of this agreement such as (visitation schedules) shall commence immediately... (CR 13 ¶7); and

c. The parties agreed if one or more disputes arise with regard to the interpretation and/or performance of this agreement or any of it's provisions (pre-decree), including drafting disputes, pre-decree enforcement matters, issues related to omitted property, or the necessity and form of closing documents, the parties agree to attempt to resolve the dispute by mediation with Michael P. O'Reilly, the Mediator, who facilitated this settlement. If mediation fails, the parties agree to enter into binding arbitration with Michael P. O'Reilly as the Arbitrator..." (CR 13 ¶10).

The above referenced mediation was conducted by Michael P. O'Reilly in his office in Corpus Christi, Nueces County, Texas. Subsequently, the parties had drafting disputes with regard to the Order coming out of the Mediated Settlement Agreement (CR 260 ¶6). Rather then submit these drafting issues to mediation and/or arbitration as EDDLEMAN was contractually obligated to do, she filed a Motion to Enter Judgment Pursuant to Mediated Settlement Agreement (CR 91-

21

92). OCKER, in compliance with his contractual obligation under the MSA, filed a Motion to Enforce Mediated Settlement Agreement (CR98-101). On June 25, 2013, Judge Alcala, sitting in the 24th Judicial District Court, found that the parties had freely and voluntarily entered into the MSA (Addendum B, page 28, lines 11-20). Judge Alcala subsequently ruled that the parties were contractually obligated to return to mediation and if necessary arbitration by written order signed July 10, 2013 (Addendum C). EDDLEMAN refused to comply with this order.

Immediately after the hearing, Appellee's counsel contacted Appellant's counsel's office and Mr. O'Reilly, and set mediation for August 27, 2013, which mediation was cancelled by EDDLEMAN (CR 67). EDDLEMAN continued to fail to comply with Judge Alcala's order to participate in mediation/arbitration and no mediation or arbitration had taken place by October 23, 2013, at which time, Judge Alcala convened a lengthy hearing and resolved all the disputes with regards to Entry of An Order in Suit to Modify Parent-Child Relationship stemming from the Mediated Settlement Agreement (CR 204-233). This proceeding was conducted in violation of the mandatory mediation/arbitration provisions of the Mediated Settlement Agreement (CR 13), and an order was ultimately signed on November 12, 2013. On August 26, 2013, when OCKER filed suit in the 319th Judicial District Court, EDDLEMAN still had not complied with her obligation to

22

mediate, and the disputed issues had not been resolved by Judge Alcala, thus EDDLEMAN was in breach of the contract.

In the Mediated Settlement Agreement, the parties agreed to exchange their children at the Shell station on HWY 77, south of Cameron, Texas; however from June 25, 2013 until October 23, 2013, EDDLEMAN refused to comply with this contractual obligation which required OCKER to do additional travel to see his children (CR 260 ¶9).

On August 26, 2013, OCKER filed an original petition in the 319th Judicial District Court, sitting in Nueces County, alleging that EDDLEMAN had breached the MSA contract by not resolving post mediation disputes by going back to mediation and if necessary arbitration with Michael P. O'Reilly. OCKER further alleged that EDDLEMAN had breached the contract by not exchanging the children at the Shell station south of Cameron, Texas. OCKER alleged that he was damaged by these breaches of contract, and requested his damages and attorney's fees (CR 5-8); this was the basis of the breach of contract suit. EDDLEMAN responded to this lawsuit with her First Amended Motion to Abate and in the Alternative Motion to Transfer Venue, and Original Answer subject thereto (CR 102-107), and OCKER subsequently filed An Application to Compel Arbitration and Motion to Abate/Stay Litigation Pending Arbitration (CR 192-198).

23

On January 2, 2014, Judge Stith in the 319th Judicial District Court, considered EDDLEMAN's First Amended Motion to Abate and in the Alternative Motion to Transfer Venue as well as OCKER's Application to Compel Arbitration and Motion to Abate/Stay Litigation Pending Arbitration.

On March 10, 2014, Judge Stith granted OCKER's Motion to Compel Arbitration and Motion to Abate/Stay Litigation Pending Arbitration and directed the parties to mediate the outstanding issues with Michael P. O'Reilly at his offices in Corpus Christi, Texas. Judge Stith also took under advisement, EDDLEMAN's First Amended Motion to Abate and in the Alternative Motion to Transfer Venue making no ruling on said motions until such time as the issues of the parties are mediated and if necessary arbitrated by Michael P. O'Reilly (CR 238-239).

EDDLEMAN takes the position that Judge Stith's decision to take "under advisement" her First Amended Motion to Abate and in the Alternative Motion to Transfer Venue is dispositive of whether those issues were still pending before the 319th Judicial District Court at the time the parties arbitrated pursuant to their contact of March 28, 2014 (CR 246-247). This ignores the fact that these pretrial issues were resolved by the parties' agreement to arbitrate with Michael P. O'Reilly.

In regards to the Arbitrator, he found that the pending issues before the 319th Judicial District Court at the time of arbitration were:

24

a. whether there had been a breach of contact;

b. what, if any, were the damages;

c. should the case be abated; and

d. should the case be transferred to Victoria County (CR 278 ¶1).

Again items c. and d. are incorrect because the parties had agreed to arbitrate with Michael P. O'Reilly. Likewise, Judge Stith in considering OCKER's Motion to Vacate the Arbitration Award found that both EDDLEMAN's pre-trial Motions to Abate Proceeding in the 319th Judicial District Court and to Transfer Venue to the 24th Judicial District Court in Victoria County had become moot and where not issues for the Arbitrator to resolve pursuant to the Arbitration Agreement of March 28, 2014.

Appellant argues, without the benefit of authority, that when Judge Stith took "under advisement" her First Amended Motion to Abate and in the Alternative Motion to Transfer Venue, that these motions had somehow become insolated from ever becoming moot and therefore would remain pending issues before the 319th Judicial District Court no matter what else happened. A closer examination demonstrates that this position is not well founded. In her Motion to Abate, EDDLEMAN relies on Wyatt v. Shaw Plumbing Co., 760 S.W.2d, 245, 247 (Tex. 1988); Curtis v. Gibbs, 511 S.W.2d, 263,267 (Tex. 1974); Sweezy Const. Inc. v. Murray, 915 S.W.2d 527, 531 (Tex. App.- Corpus Christi 1995, Orig.

25

Proceeding) to support her proposition that the 24th Judicial District Court in Victoria County was the Court of dominant jurisdiction and that the 319th Judicial District Court needed to abate it's proceedings and allow the 24th Judicial District Court to resolve the issues in controversy (CR 104).

Judge Stith of the 319th Judicial District Court, finding that the issues in controversy before him were subject to the mediation/arbitration clause in ¶10 of the Mediated Settlement Agreement, abated and stayed his trial court proceedings and directed the parties back to mediation, and if necessary, arbitration with Michael P. O'Reilly. Since Judge Stith had abated the proceedings in his Court, that portion of EDDLEMAN's Motion Seeking to Abate Proceedings in the 319th Judicial District Court had clearly become moot and did not require the Arbitrator's consideration or resolution. What remained of EDDLEMAN's Motion to Abate was her request that the underlying issues, being EDDLEMAN's Breach of Contract and OCKER's damages, be turned over to the 24th Judicial District Court, the Court that EDDLEMAN believed had dominant jurisdiction. Judge Stith, however, had directed the parties to mediation and arbitration to resolve the underlying issues, EDDLEMAN's breach of contract and OCKER's damages resulting therefrom. The Arbitrator specifically finds that those are issues that he is to resolve (CR 278 ¶1.a. & b.). Thus the issues in controversy were not going to be decided in the 319th Judicial District Court nor were they going to be

decided in the 24th Judicial District Court, they were going to be decided in arbitration. The Motion to Abate had become in all things moot, and therefore was no longer a currently pending issue in the 319th Judicial District Court to be resolved by the Arbitrator.

If EDDLEMAN was dissatisfied with Judge Stith's decision not to rule on her Motion to Abate prior to his abating the proceedings and directing the parties to mediation and arbitration, EDDLEMAN had the option of filing a Writ of Mandamus, which EDDLEMAN chose not to pursue; thus, she has waived her right to complain about that issue. Kilroy v. Kilroy, 137 S.W.3d, 780, 784 (Tex. App- Houston [1st Dist.] 2004, no writ).

Furthermore, if Judge Stith's Order directing the parties to mediate and arbitrate was not sufficient to render EDDLEMAN's Pre-trial Motion to Abate moot, then certainly her subsequent agreement to have the pending issues before the 319th Judicial District Court be decided not in the 319th Judicial District Court or in 24th Judicial District Court but rather by an Arbitrator, renders EDDLEMAN's Pre-trial Motion moot. Kilroy v. Kilroy, 137 S.W.3d, 787, 789 (Tex. App- Houston [1st Dist.] 2004, no writ).

Notwithstanding the fact that EDDLEMAN's Motion to Abate was made moot by the fact that the 319th Judicial District Court had abated its proceedings, and the parties had been ordered to mediate and arbitrate their disputes rather than

27

have those disputes resolved in the 319th Judicial District Court or 24th Judicial District Court, and that the parties had subsequently contracted to have their controversies resolved by arbitration rather by court order out of the 319th or 24th Judicial District Courts; the Arbitrator treated the Motion to Abate as if it were still a pending issue in the 319th Judicial District Court (CR 278 ¶1.c). The Arbitrator therefore exceeded his contractual authority as that is defined by the letter agreement to arbitrate which he identifies as the enabling document which limited him to deciding only pending issues before the 319th Judicial District Court (CR 246-247). The Supreme Court has stated that the authority of arbitrators is derived from the arbitration agreement and is limited to a decision of the matters therein either expressly or by necessary implication Pettus citing *Gulf Oil Corp v Guidry,*327 S.W.2d 406, 408 (1959).

Not only did the Arbitrator consider EDDLEMAN's moot Pre-trial Motion to Abate Proceedings in the 319th Judicial District Court, but he also granted same. In doing so, the Arbitrator misapplied the standard for the granting of EDDLEMAN's Pre-trial Motion to Abate Proceedings in the 319th Judicial District Court. This paragraph is included not to divert attention from the fact that these matters were outside the scope the arbitrator's authority and his contractual jurisdiction, but rather to demonstrate the flagrant length to which the Arbitrator went in disregarding the contract so he could dispense his own idea of justice.

28

Even the Appellant concedes that in order to sustain her Motion to Abate, she had to establish:

1. the dominant suit was commenced first and citation had be served;

2. the dominant Court proceedings were still pending;

3. the cases involved the same parties; and

4. the cases involved the same issues in controversy (CR 104).

Nevertheless when asked to identify his legal conclusions for determining that EDDLEMAN was entitled to have her Motion to Abate granted, the Arbitrator simply concluded that the breach of contract suit was brought in the wrong Court in violation of the agreement of the parties contained in the MSA previously executed between them (CR 279 ¶6). The Arbitrator has made none of the requisite findings to support the granting of EDDLEMAN's Pre-trial Motion to Abate.

The litigation in the 24th Judicial District Court was concluded on October 23, 2013, when Judge Alcala rendered judgment, the Order was signed on November 12, 2013 (CR 232), furthermore the family law litigation in the 24th Judicial District Court was not still pending on January 2, 2014 when EDDLEMAN's Motion to Abate was first considered by Judge Stith in the 319th Judicial District Court, and it was not pending on March 10, 2014, when Judge Stith signed his Order holding the Motion in Abeyance. In addition, it was not

29

pending on March 28, 2014, when the parties entered into the contract to arbitrate outstanding issues in the 319th Judicial District Court, and it was not pending on March 17, 2014, when the parties finally attempted to resolve their issues in mediation with Michael P. O'Reilly, and it certainly wasn't pending on May 5, 2014, when the Arbitrator made his ruling; based on the foregoing it is clear that the Arbitrator ignored one of the four prongs that EDDLEMAN concedes were necessary for her Motion to Abate to be granted the dominant Court proceedings was not pending.

In order to succeed on EDDLEMAN's Motion to Abate, EDDLEMAN also had to establish that the same issues were in controversy in the two litigations. The lawsuit brought in the 319th Judicial District Court was a breach of contract lawsuit wherein OCKER alleges that EDDLEMAN violated her Mediated Settlement Agreement contract in two ways. The lawsuit pending in the 24th Judicial District Court was a Motion to Modify Parent-Child Relationship with regard to the rights and duties of the parents of the minor children made the subject of that lawsuit. The issues in controversy in the two litigations are not the same, and thus the Arbitrator ignored 2 of the 4 prongs necessary for EDDLEMAN to have her Motion to Abate granted. In the event there is any lingering ambiguity as to whether or not the two litigations had any overlap concerning the matters in controversy, when Judge Alcala sitting in the 24th Judicial District Court rendered a

30

final judgment on that litigation on October 23, 2013, resolving all issues in controversy in the 24th Judicial District Court save and accept for OCKER's unrelated Motion for Enforcement by Contempt for Sheri Eddleman's violation of previous Temporary Orders (CR 232), his order did not resolve any issues pending in the 319th Judicial District Court. Appellant did not take this position in the 319th Judicial District Court nor has she argued before this Court that Judge Alcala's order of October 23rd, 2013, disposed of any of the issues pending in the 319th Judicial District Court.

The Arbitrator identifies in his finding that EDDLEMAN's Motion to Abate as part of his basis for his awarding attorney's fees to EDDLEMAN (CR 279 ¶4). The Arbitrator awarded $6,012.50 in attorney's fees, but did not distinguish how much of that fee was incurred in pursuing her Motion to Abate, and thus the award should not be confirmed.

**EDDLEMAN's Pre-trial Venue Motion**

As an alternative to her Motion to Abate, EDDLEMAN also filed a Motion to Transfer Venue. OCKER filed his Breach of Contract Suit in Nueces County, alleging that venue was proper there because the underlining contract that had been violated was negotiated and executed in Nueces County, Texas (CR 5-6). EDDLEMAN alleges that the Mediated Settlement Agreement included a provision saying that it was performable in Victoria County, Texas, and thus

31

argued that this provision controlled venue for any disputes with regards to the Mediated Settlement Agreement, presumably including suits for Breach of Contract. Black's Law Dictionary Vol. 5 defines venue as, "the particular county or geographical area in which a Court with jurisdiction may hear and determine a case. Venue deals with locality of suit, that is with questions of which Court or Courts of those that possess adequate personnel and subject matter jurisdiction may hear this specific suit in question." EDDLEMAN's Motion to Transfer, like her Motion to Abate, seeks to have a Court in Victoria County, not specifically the 24th Judicial District Court, resolve the Breach of Contract lawsuit rather than having the 319th Judicial District Court in Nueces County resolve the Breach of Contract lawsuit. On January 2, 2014, Judge Stith sitting in the 319th Judicial District Court declined to rule on EDDLEMAN's Motion to Transfer Venue but rather granted OCKER's Application to Compel Arbitration and Motion to Abate/Stay Litigation Pending Arbitration (CR 238-239). Based on this ruling, neither the 319th Judicial District Court nor a Court of competent jurisdiction in Victoria County was going to resolve the Breach of Contract issues. Those issues were going to be resolved either in mediation with Michael P. O'Reilly or if that was not successful, by Mr. O'Reilly serving as an Arbitrator. EDDLEMAN had the option at that time to seek a Mandamus, in an effort to compel Judge Stith to rule on her Motion to Transfer Venue in an effort to have the case heard in a Court in Victoria County, Texas

32

rather than Nueces County, Texas. EDDLEMAN chose not to do so. By choosing not to file her Writ of Mandamus, EDDLEMAN waived any complaints she might have had about Judge Stith abating his proceedings and directing the parties to mediation and if necessary arbitration, and allowed the issue of venue to become moot. Kilroy v. Kilroy, 137 S.W.3d, 780 (Tex. App- Houston [1st Dist.] 2004, no writ).

If there was any question as to whether or not Judge Stith's order directing the parties back to mediation and arbitration was dispositive of the Motion to Transfer Venue, then we should look at the parties' agreement of March 28, 2014. By agreeing to arbitrate the pending issues in the 319th Judicial District Court, EDDLEMAN contractually agreed to not have the 319th Judicial District Court resolve the Breach of Contract issues and she contractually agreed not to have any Court of competent jurisdiction in Victoria County resolve the Breach of Contract issues pending in the 319th Judicial District Court. She contracted to have those issues in controversy resolved by an Arbitrator in Nueces County, Texas, and expressly waived any transfer to any Court. EDDLEMAN waived her Motion to Transfer Venue when she acquiesced in Judge Stith's Order Staying Proceedings in his Court and directing the parties to mediation and arbitration without first ruling on her Motion to Transfer Venue. EDDLEMAN then confirmed her decision not to pursue her Motion to Transfer Venue to allow a Court in Victoria County to

33

resolve the pending Breach of Contract cause of action between the parties when she contractually agreed to have those issues resolved by Michael P. O'Reilly in arbitration.

The Arbitrator's authority to resolve disputes extended only to pending issues in the 319th Judicial District Court (CR 246-247). The Arbitrator acknowledges that he considered EDDLEMAN's Pre-trial Motion to Transfer Venue to be among the issues that he resolved (CR 278 ¶1.d). Thus, the Arbitrator exceeded his authority by ruling on an issue that which he had no contractual authority to consider. The Arbitrator not only considered the Motion to Transfer Venue but he granted same and used the finding as a basis for justifying the award of attorney's fees to EDDLEMAN (CR 279 ¶4). This was error outside the scope of the arbitrator's authority.

The Arbitrator's decision to grant the Motion to Transfer venue under the circumstances as they existed at the time of this arbitration, as with his ruling on the Motion to Abate, demonstrates the length to which the Arbitrator was willing to go to disregarded his contractual authority and impose his own idea of justice. On March 28, 2014, when the parties contractually obligated themselves to arbitrate the outstanding issues before the 13th Court of Appeals and the 319th Judicial District Court with Mr. O'Reilly in Nueces County, Texas, the controlling venue statute became Civil Practice and Remedies Code §171.096(c), fixing venue

34

in the county where the arbitration takes places. This supersedes any previous contractual obligation to assign venue to Victoria County. In Re. Lopez, 372 S.W.3d, 174 (Tex. 2012). As pointed out by this Appellate Court in it's Memoranda Opinion Dismissing OCKER's previous appeal, this Court, quoting it's opinion in, In re Burton, McCumber & Cortez, L.L.P., 115 S.W.3d 235, 237 (Tex. App.—Corpus Christi 2003, orig. proceeding), "[W]here a party contractually agrees to arbitrate a dispute, it waives its right to recourse in the courts.". The only remaining issues would be a potential Motion to Vacate, or Motion to Confirm Arbitration Ruling which should take place in the County where the arbitration took place, as has happened in this case. The Court should notice that EDDLEMAN did not file a Motion to Transfer Venue along with her Motion to Confirm the Arbitrator's Ruling seeking to have these motions decided by a Court in Victoria County (CR 365).

The Arbitrator does not distinguish in his award of attorney's fees, how much of the attorney's fees he awarded are attributable to this Motion to Transfer Venue, so the entire award should be set aside. In response to OCKER's Request for Additional Findings and Facts and Conclusions of Law, Request No. 3. asking the Arbitrator to identify the legal basis upon which he justifies his award of attorney's fees and cost to Respondent, SHERI EDDLEMAN (CR 274 ¶3), the Arbitrator specifically identifies ¶10 of the Mediated Settlement Agreement.

35

Specifically, he said his authority stems from the following language, "if litigation is brought to construe or enforce this agreement, the prevailing party shall be entitled to recover attorney's fees, court costs, and expenses including the cost of mediation/arbitration." (CR 279 ¶3) The record reflects two motions seeking to enforce or to construe the Mediated Settlement Agreement, those being OCKER's Motion to Enforce Mediated Settlement Agreement brought in the 24th Judicial District Court (CR 98-101) which resulted in Judge Alcala's order of July 10, 2013, directing the parties back to mediation and arbitration (Addendum C), and OCKER's Application to Compel Arbitration and Motion to Abate/Stay Litigation Pending Arbitration (CR 192-198) filed in the 319th Judicial District Court resulting in Judge Stith's order directing the parties back to mediation and if necessary arbitration heard on January 2, 2014, and signed on March 10, 2014 (CR 238-239). The Arbitrator has justified his award of fees and presumably his award of disproportionate costs of litigation and arbitration based on his granting of EDDLEMAN's two moot Pre-trial Motions, neither of which was brought to construe or enforce the Mediated Settlement Agreement but rather were motions designed to move the Breach of Contract lawsuit from Nueces County to Victoria County. Even the Breach of Contract lawsuit was not a lawsuit brought to construe or enforce the Mediated Settlement Agreement; it was a lawsuit seeking damages for a breach of the Mediated Settlement Agreement. EDDLEMAN's pleadings did

36

not allege that the Mediated Settlement Agreement was ambiguous in any way, or that it required any clarification by the Trial Court, nor did it seek specific performance of the Mediated Settlement Agreement (CR 5-8). Furthermore EDDLEMAN, in her pleadings, did not allege that the contract needed clarification nor did she seek specific performance of the contract (CR 102-107). Thus, none of the motions upon which the Arbitrator found that EDDLEMAN prevailed support the Arbitrator's award of attorney's fees to EDDLEMAN based upon the authority on which he relied.

## BREACH OF CONTRACT

On August 26, 2013, OCKER filed his suit for Breach of Contract in the 319th Judicial District Court sitting in Nueces County, Texas (CR 5-8). OCKER alleged that the Mediated Settlement Agreement of March 29, 2013, was a contract and that EDDLEMAN had breached this contract in two respects.

Paragraph 10 of the Mediated Settlement Agreement requires the parties to mediate with Michael P. O'Reilly and if necessary arbitrate with Michael P. O'Reilly if one or more disputes arise with regards to the interpretation and/or performance of this agreement or any of its provisions (pre-decree), including drafting disputes, pre-decree enforcement matters, issues relating to omitted property, or the necessity and form of closing documents (CR 13 ¶10). OCKER alleges that pre-decree disputes arose between the parties that would trigger this

37

provision of the parties' contract. EDDLEMAN concedes that disputes did arise (CR 20 ¶10) and the Arbitrator found that pre-decree disputes arose (CR 260 ¶6). EDDLEMAN concedes that rather than complying with her contractual obligations under the Mediated Settlement Agreement and submitting those disputed issues to the Mediator, Michael P. O'Reilly, for potential resolution and if necessary, back to Mr. O'Reilly for arbitration, she filed a Motion to Enter Judgment pursuant to the Mediated Settlement Agreement (CR20 ¶10; CR 91-92), asking Judge Alcala to enter judgment pursuant to the MSA, that forced OCKER to file his Motion to Enforce ¶10 of Mediated Settlement Agreement (CR 98-101). These motions were heard on June 25, 2013, with EDDLEMAN being ordered to submit to mediation and if necessary arbitration (Addendum C). Despite Judge Alcala's order of July 10, 2013, directing EDDLEMAN back to mediation/arbitration, she continued to refuse and at the time OCKER filed his Motion for Breach of Contract on August 26, 2013, no mediation had taken place. In fact, EDDLEMAN did not actually participate in mediation until after OCKER obtained an order from Judge Stith of the 319th Judicial District Court on March 10, 2014, (CR 238-239) granting his Application to Compel Arbitration and Motion to Abate/Stay Litigation Pending Arbitration (CR 192-198).

The Arbitrator found that pursuant to the March 28, 2014, the agreement to arbitrate, he was required to resolve all currently pending issues in the 319th

38

Judicial District Court, and included among those issues was whether there had been a breach of contract (CR 278 ¶1.a.) OCKER had alleged two basis for Breach of Contract, one of those being EDDLEMAN's failure to comply with ¶10 of the Mediated Settlement Agreement to return to mediation and if necessary arbitration to resolve pre-decree disputes. The uncontroverted evidence in the record, demonstrates that EDDLEMAN failed and refused to comply with this provision and, in fact, affirmatively attempted to circumvent it by filing her Motion to Enter Judgment pursuant to the Mediated Settlement Agreement which she now disputes existed. Despite this contractual obligation to resolve all currently pending issues in the 319th Judicial District Court, the Arbitrator does not address this Breach of Contract issue, except to say, the breach of contract matter currently pending in Cause No. 2013-DCV-40182-G, in the 319th Judicial District Court should be dismissed (CR 263 ¶L). The Arbitrator does not give any reason for ordering the Breach of Contract suit dismissed. The Arbitrator similarly held that the appeal pending in the 13th Court of Appeals in Cause No. 13-14-00125-CV, should be dismissed (CR 263 ¶M); the Arbitrator again provides no explanation or further discussion as to how he arrived at this conclusion. By making these unexplained conclusions, he does appear to be avoiding his contractual obligation to resolve all pending issues in the 13th Court of Appeals and in the 319th Judicial District Court.

As discussed earlier in this brief, the Arbitrator does admit in his Addendum to the First Amended Arbitration Award that he decided not to address the issues currently pending in the 13th Court of Appeals because he decided those issues were moot (CR 279 ¶2). Despite having said only that the breach of contract suit should be dismissed in his First Amended Arbitration Award in his Addendum filed in response to Request for Findings and Facts and Conclusions of Law, the Arbitrator found EDDLEMAN prevailed in the suit on a contract brought in the 319th Judicial District Court (CR 279 ¶10). The Arbitrator then goes on to explain that EDDLEMAN complied with the terms and conditions of the Mediated Settlement Agreement until ordered otherwise by a District Judge. This is an apparent reference to the second breach of contract allegation to exchange the children at the Shell Station on HWY 77, south of Cameron, Texas (CR 280 ¶11). The Arbitrator completely failed to write on the first alleged breach, EDDLEMAN's failure to comply with ¶10 of the Mediated Settlement Agreement to submit pre-decree disputes to him for mediation and arbitration. EDDLEMAN's breach of her contract with OCKER is apparent from the record, thus, in order to dispense his own idea of justice, it was necessary for the Arbitrator to disregard this portion of his contractual obligations.

OCKER alleges that EDDLEMAN breached the Mediated Settlement Agreement /Contract by failing to exchange the children at the Shell Station on

HWY 77, south of Cameron, Texas (CR7-8). The Mediated Settlement Agreement of March 29, 2013, required the parties to exchange their children at the Shell Station on HWY 77, south of Cameron, TX (CR 10). The Mediated Settlement Agreement also provided that the non-financial parts of the agreement (such as visitation schedules) shall commence immediately,... (CR 13 ¶7) The Arbitrator further concludes that the Mediated Settlement Agreement on March 29, 2013, was binding and irrevocable pursuant to its terms and also pursuant to §6.602 & 153.0071 of Texas Family Code (CR 262 ¶A). The Arbitrator further finds that EDDLEMAN did comply with her contractual obligations to exchange the children at the Shell Station on HWY 77, south of Cameron, Texas, until the hearing of June 25, 2013 (CR 262 ¶H). The Arbitrator then finds that EDDLEMAN discontinued exchanging their children at the Shell Station on HWY 77, south of Cameron, Texas, as required by her binding and irrevocable Mediated Settlement Agreement in order to obey an alleged Order from the sitting Judge in the Victoria case (CR 262 ¶I).

The hearing of June 25, 2013, in the 24th Judicial District Court was the hearing on EDDLEMAN's Motion to Enter Judgment pursuant to a Mediated Settlement Agreement (CR 91-92) and OCKER's Motion to Enforce Mediated Settlement Agreement (CR 98-101). This is the first hearing where EDDLEMAN was ordered to submit to mediation for the pre-decree disputes from the Mediated

41

Settlement Agreement of March 29, 2013. At the end of this hearing, the Judge inquired at to whether or not the orders in effect are the last orders of the Court and EDDLEMAN acting through her attorney of record, LYNN KNAUPP, violated the binding and irrevocable terms of EDDLEMAN's MSA by telling the Judge that that in fact was correct. OCKER in compliance with his contractual requirements in the Mediated Settlement Agreement represented to the Court that he was not correct but that there was an agreement despite there still being pre-decree disputes that need to be resolved (Addendum A, page 29, line 24 through page 30, line 12). There are no pleadings seeking to set aside that portion of the Mediated Settlement Agreement requiring the parties to exchange the children at the Shell Station on HWY 77, south of Cameron, Texas. The Judge never represents that he is entering an order on his own motion, and in fact, never renders on an order to set aside that portion of the Mediated Settlement Agreement providing for the exchange of the children.

If in fact, the Judge was attempting to set aside that portion of the Mediated Settlement Agreement concerning the exchange of their children at the Shell Station on HWY 77, south of Cameron, Texas, he did not have any jurisdiction to do. In Re. Stephanie Lee, 411 S.W.3d. 445, 453 (Tex. 2013) "thus, it is clear that the MSA statute was enacted with the intent that, when parents have agreed that a particular arrangement is in their child's best interest and have reduced that

42

agreement to a writing complying with §153.0071, (which the Mediated Settlement Agreement in question does) Court's must defer to them and their agreement." Thus to the extent there is an Order purporting to excuse EDDLEMAN from her contractual obligations, it is a void order.

At 6:48 p.m. on June 25, 2013, Judge Alcala e-mailed Appellee's counsel with a copy to Appellant's counsel, instructing Appellee's counsel to "prepare an order reflecting the Court's action today" a true and correct copy of that email is attached as Addendum B. No where in that e-mail does Judge Alcala instruct counsel to prepare an Order setting aside any provision of the binding and irrevocable Mediated Settlement Agreement concerning the exchange of the children at the Shell Station on HWY 77, south of Cameron, TX. The record includes no inquiry or complaint from counsel for EDDLEMAN that the order was not going to include any provision setting aside the binding and irrevocable obligation for EDDLEMAN to exchange the children at the Shell Station on HWY 77, south of Cameron, TX.

In compliance with Judge Alcala's instructions, an Order was prepared and circulated for approval by counsel for EDDLEMAN (Addendum C). This order included no provisions for setting aside the binding and irrevocable obligation for the parties to exchange their children at the Shell Station on HWY 77, south of

43

Cameron, TX; it was approved by counsel for EDDLEMAN and signed by Judge Alcala on July 10, 2013.

The Arbitrator has found that EDDLEMAN violated the binding and irrevocable terms of the Mediated Settlement Agreement by not exchanging the children at the Shell Station on HWY 77, south of Cameron, TX, as alleged by OCKER in his suit for Breach of Contract (CR 280 ¶11). There was in fact no order releasing EDDLEMAN from her binding and irrevocable obligations under the Mediated Settlement Agreement, but in order for the Arbitrator to dispense his own idea of justice, he had to pretend there was an Order that in some matter justified EDDLEMAN's breach of her contractual obligations under the Mediated Settlement Agreement.

In order for a party to be awarded their attorney's fees in a Breach of Contract suit, they have to be the prevailing party. The Arbitrator has chosen not to address the first of the two alleged breaches of contract, that being EDDLEMAN's failure to submit pre-decree disputes to mediation and arbitration. The uncontroverted record reflects that EDDLEMAN did in fact fail to comply with this requirement until not one but two District Judges ordered her to comply. The record reflects a strong implication that if the Arbitrator had complied with his contractual obligation to consider this alleged breach of contract, OCKER would have been considered the prevailing party, and thus, entitled to his attorney's fees.

44

We will not know for certain however, until after the Arbitrator complies with Judge Stith's order vacating his arbitration ruling, directing him to re-arbitrate in conformity with the Judge's ruling.

The Arbitrator has found that EDDLEMAN has failed to comply with her binding and irrevocable obligation to exchange the children at the Shell Station on HWY 77, south of Cameron, TX, but has excused that behavior based upon a phantom order that no Court had jurisdiction to enter, upon which no Judge rendered, and which was not included in the Judge's written Order (Addendum C). Even if there was an Order, it would constitute on avoidance of EDDLEMAN's contractual obligations and therefore would be an affirmative defense which was not plead by EDDLEMAN and therefore was not a pending issue before the 319th Judicial District Court and not a proper issue for the Arbitrator to consider. Texas Rule of Civil Procedure 94; Texas Beef Cattle Company v. Green, 921 S.W.2d. 203, 212 (Texas 1996) "An affirmative defense… is one of confession and avoidance. An affirmative defense does not seek to defend merely by denying the Plaintiff's claim but rather seeks to establish an independent reason why the Plaintiff should not recover."

## CONCLUSION

In conclusion, the Arbitrator has exceeded his authority by disregarding the contract and has dispensed his own idea of justice in each instance. The Arbitrator

was charged with the responsibility of resolving all outstanding issues pending in the 13th Court of Appeals and in the 319th Judicial District Court. The issues pending in the 13th Court of Appeals was OCKER's appeal of Judge Alcala's refusal to award him his attorney's fees, as well as court costs, and expenses including the cost of mediation and arbitration or submitting same to the Mediator/Arbitrator for resolution, resulting from his successful prosecution of his Motion to Enforce Mediated Settlement Agreement in the 24th Judicial District Court. Despite EDDLEMAN's admission to the 13th Court of Appeals that those were issues to be resolved by the Arbitrator in this Court's judicial finding that it could not resolve those issues because those were issues to be resolved by the Arbitrator, the Arbitrator without explanation, decided that the issues were moot and he did not have to address them. Thus, the Arbitrator failed to comply with his contractual obligations to arbitrate the pending issues from the 13th Court of Appeals, by in fact, not addressing them.

The Arbitrator also decided, without explanation, to address EDDLEMAN's Pre-trial motions seeking a Motion to Abate and a Motion to Transfer Venue when these matters were in fact moot because of the Honorable Judge Stith's Order to arbitrate and the parties' subsequent agreement to arbitrate.

The Arbitrator also, without explanation, chose not to address one of the two pending breach of contract issues pending in the 319th Judicial District Court, that

46

being EDDLEMAN's failure to submit pre-decree disputes to mediation and arbitration in violation of his contractual duty to resolve all outstanding issues in the 319th Judicial District Court.

Finally, the Arbitrator chose to resolve the second breach of contract issue by considering an unplead affirmative defense, that being a phantom Order from the 24th Judicial District Court which EDDLEMAN asserts relieved her from having to perform the binding and irrevocable provisions of the MSA requiring her to exchange the children at the Shell Station on HWY 77, south of Cameron, TX. This defense is clearly a plea in avoidance and therefore an affirmative defense that was not plead as required by TRCP 94. The Arbitrator's consideration of this unplead affirmative defense was not an issue in dispute before the 319th Judicial District Court and was thus a violation of his contractual obligations to limit his authority to these issues pending in part, before the 319th Judicial District Court. The Arbitrator has consistently failed to consider issues of which he was contractually obligated to resolve and added issues for which he did not have any contractual authority to consider, this combined with his consistent failure to properly apply Texas Law to the facts before him, make it clear that the Arbitrator disregarded his authority as granted by the contract (CR 246-247), and dispensed his own idea of justice and Judge Stith's refusal to confirm the Arbitrator's First Amended Arbitration Award is well founded and should be sustained.

## PRAYER FOR RELIEF

WHEREFORE, Appellee respectfully requests that this Honorable Appellate Court deny Appellant SHERI EDDLEMAN's Appeal in its entirety, and overrule Appellant's Issues Presented, sustaining and affirming the judgment of the Trial Court. Appellee also respectfully asks that all costs be taxed against Appellant.

Respectfully submitted,

William J. Kelly
1402 N Chaparral
Corpus Christi, Texas 78401
Tel: (361) 888-6600
Fax: (361) 887-7732

By: _____
William J. Kelly
State Bar No. 11240500
Attorney for MATTHEW J. OCKER

## CERTIFICATE OF SERVICE

In accordance with the Texas Rules of Appellate Procedure I certify that a copy of this First Amended Brief of Appellee, Matthew J. Ocker was served on Sheri Eddleman, Defendant and Appellant through counsels of record, David Griffin, Robert E. McKnight, Jr., Lynn Knaupp, 203 Liberty St., Victoria, TX 77901 by telecopier on October 5, 2015.

<br>

William J. Kelly

## CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP. P. 9.4, I hereby certify that this First Amended Brief of Appellee, Matthew J. Ocker contains 10,969 words. This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

<br>

William J. Kelly

## APPENDIX

### TAB

1. Transcript of Motion Hearing dated June 25, 2013.

2. Email from Judge Alcala dated June 25, 2013, requesting William J. Kelly to prepare an order reflecting that the pending motions to enter and enforce are abated pending resolution by mediation or arbitration.

3. Order Granting Motion to Enforce Mediated Settlement Agreement dated July 10, 2013.

REPORTER'S RECORD

VOLUME 1 OF 1 VOLUMES

TRIAL COURT CAUSE NO. 09-1-68095-A

| | |
|---|---|
| IN THE INTEREST OF | ) IN THE DISTRICT COURT |
| | ) |
| HAYDEN NICOLE OCKER | ) |
| and | ) 24TH JUDICIAL DISTRICT |
| MADISON HALEY OCKER | ) |
| | ) |
| CHILDREN | ) VICTORIA COUNTY, TEXAS |

## MOTION HEARING

On the 25TH day of June, 2013, the following proceedings came on to be held in the above-titled and numbered cause before the Honorable JUDGE DICK ALCALA, Judge Presiding, held in Victoria, Victoria County, Texas.

Proceedings reported by computerized stenotype machine.

**ORIGINAL**

Kimberly K. Koetter
District Court Alternate Reporter
361.573.0263

APPENDIX     A

arbitration that is inappropriate and quite honestly I find it offensive.

There is provisions in the order and I have asked for it in my motion that my client be reimbursed for his attorney fees and his cost and the cost of the mediation and the arbitration and we're asking the Court to grant that and I'm prepared to put on testimony with regards to how much my client has incurred in fees to defend -- to bring this motion and to assert -- to enforce the agreement.

THE COURT: Okay. Well the parties have entered into an agreement here, and I'm just going to say they entered into it apparently freely. The signatures are on there. There's no indication otherwise and page five is part of that agreement that if there are disputes arising in regard to the interpretation or the drafting and that they resolve it by going back to the mediator and as the mediator and then if that fails for him as the arbitrator. And that's going to be my finding although I find that these -- there really is no -- I agree with Ms. Knaupp. I deny his motion for attorney fees. I think he's responsible for this, but the parties entered into this agreement and they're going to have to go back to the mediator and arbitrator, but he's not going to get his

attorney fees because he's-- I find that he's responsible for getting to this point when it should be resolved. So that's going to be my finding.

MS. KNAUPP: Will you assess the initial cost deposit for the mediation and the arbitration against Mr. Ocker?

THE COURT: You didn't plead it. You didn't plead for it like you said. So --

MS. KNAUPP: The cost? I mean there's no pleadings anywhere for the cost of the mediation or the arbitration. It's not addressed in the agreement on who would pay the cost so --

MR. KELLY: I have pleadings for that, your Honor, based on the statute and the agreement.

THE COURT: No. I'm not going to -- I'm not going to do that --

MS. KNAUPP: Okay.

THE COURT: -- unless there's clearly pleadings asking for that.

Anything further?

MR. KELLY: No, your Honor.

MS. KNAUPP: No, your Honor.

Thank you.

THE COURT: Okay. Now, so the orders are in effect are the last orders of the Court, correct?

MS. KNAUPP: Correct. Those are what's in effect.

MR. KELLY: Your Honor, the mediated settlement agreement contemplates that the agreement of the parties is now in effect.

THE COURT: No. There's no agreement, right? There is no agreement by your own words so --

MR. KELLY: There are disputes, but there is an agreement.

THE COURT: No. No. There is no agreement. If there are disputes, there's no agreement. We're not going to take it that far.

Okay.

Anything further?

MR. KELLY: No, your Honor.

MS. KNAUPP: Thank you.

THE COURT: We're adjourned.

(Hearing concluded.)

STATE OF TEXAS

COUNTY OF VICTORIA

I, Kimberly K. Koetter, Official Court Reporter in and for the Judicial District Courts of Victoria, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, offered by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $155.00 and was paid/will be paid by Matt Ocker.

WITNESS MY OFFICIAL HAND on this, the 8th day of October, 2013.

Kimberly K. Koetter, CSR, RPR
Texas CSR 7582, RPR #7980; Expire 12/31/2014
Official Reporter-Victoria County
District Court Alternate
Victoria County, Texas
115 N. Bridge Street, Room 202
Victoria, Texas 77901
Telephone: 361.573.0263

Kimberly K. Koetter
District Court Alternate Reporter
361.573.0263

## Bill Kelly

**From:** Dick Alcala <dalcala49@earthlink.net>
**Sent:** Tuesday, June 25, 2013 6:48 PM
**To:** Lynn A. Knaupp; <bill@billkellyonline.com>
**Cc:** Emily Means
**Subject:** Order - Hrg 06/25/13

Counsel:

Mr. Kelly please prepare an order reflecting the Court's action today. The order should reflect that the pending motions to enter and enforce are abated pending resolution by mediation or arbitration. Please circulate to Ms. Knaupp for form approval.

**Dick Alcalá**
*Senior District Judge*
13315 Vista Arroyo
San Antonio, Texas 78216
(210) 387-5769
(210) 617-7683 *fax*
*dalcala49@earthlink.net*

Sent from my iPad

**APPENDIX     B**

No. 09-1-68095-A

| | |
|---|---|
| IN THE INTEREST OF | § IN THE DISTRICT COURT |
| | § |
| HAYDEN NICOLE OCKER AND | § 24TH JUDICIAL DISTRICT |
| MADISON HALEY OCKER | § |
| | § |
| CHILDREN | § VICTORIA COUNTY, TEXAS |

## ORDER GRANTING MOTION TO ENFORCE
## MEDIATED SETTLEMENT AGREEMENT

On the 25th day of June, 2013 came on to be considered MATTHEW J. OCKER's Motion to Enforce Mediated Settlement Agreement and SHERI EDDLEMAN's Motion to Enter Judgment pursuant to Mediated Settlement Agreement and SHERI EDDLEMAN's oral Motion for Entry of Attorney's Fees and to Deposit Costs of Mediation. Movant, MATTHEW J. OCKER, appeared in person and through his attorney of record, William J. Kelly. Respondent, SHERI EDDLEMAN, appeared in person and through her attorney of record, Lynn Knaupp.

The court, after reviewing the pleadings and listening to argument of counsel, finds that the Motion to Enforce Mediated Settlement Agreement is abated pending mediation and, if necessary, arbitration and the Motion to Enter Judgment pursuant to Mediated Settlement Agreement is abated.

The parties are ORDERED to comply with the terms and conditions of the Mediated Settlement Agreement and mediate their disputes with Michael P. O'Reilly. IT IS FURTHER ORDERED that if the mediation is unsuccessful, the parties are further ORDERED to arbitrate the remaining disputes with Michael P. O'Reilly.

SHERI EDDLEMAN, acting through her attorney, made an oral Motion for Interim Attorney's Fees and Cost Deposit, which motion is DENIED.

The Court finds that Paragraph 10 of the Mediated Settlement Agreement included a provision that, "if litigation is brought to construe or enforce this agreement, the prevailing

**APPENDIX C**

party shall be entitled to recover attorney's fees, as well as court costs and expenses, including the cost of the mediation/arbitration." MATTHEW J. OCKER requested that the Court award him his attorney's fees and court costs including the cost of mediation/arbitration pursuant to the terms and conditions of the Mediated Settlement Agreement. Said request is abated pending mediation and, if necessary, arbitration.

Judicially pronounced on June 25, 2013 and ministerially signed on _7/10_____ ,2013.

_____
JUDGE PRESIDING


APPROVED AS TO FORM ONLY:

William J. Kelly
1402 N Chaparral
Corpus Christi, Texas 78401
Tel: (361) 888-6600
Fax: (361) 887-7732

By: _____
William J. Kelly, Attorney for Petitioner
State Bar No. 11240500

LYNN KNAUPP
Marek, Griffin & Knaupp
203 N. Liberty Street
P.O. Box 2329
Victoria, Texas 77902
Telephone: 361-573-5500
Telecopier: 361-573-5040

By: _____
LYNN KNAUPP, Attorney for Respondent
State Bar No.:11587900

2